UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AARON DOXIE, III, #1176082,
*also known as* **Aharon Azaryah Nearyah Hakahan,**

    **Petitioner,**

v.                                                                                        CIVIL ACTION NO. 2:13cv505

**WARDEN JEFFREY N. DILLMAN,
And HAROLD CLARKE, Director,
Virginia Department of Corrections,**

    **Respondents.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This petition for habeas relief is before the court following remand by the Fourth Circuit. Petitioner, Aaron Doxie, III ("Doxie" or "Petitioner") filed this, his fourth petition for federal habeas relief, on September 13, 2013. The court dismissed the petition as successive, and Doxie's attempt to appeal to the Fourth Circuit was dismissed on the basis of his failure to file a timely notice. Doxie v. Dillman, No. 14-6263 (4th Cir. June 3, 2014). (ECF No. 11).

On February 24, 2015, Doxie filed another motion in this court, styled "Motion to Reopen," using the style and case number of his previously dismissed petition. The motion sought to reopen his September 2013 habeas petition. (ECF No. 16). The court denied Doxie's motion, stating that "[b]ecause Petitioner failed to obtain an order from the Fourth Circuit authorizing this Court to consider the September 2013 Petition pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court was, and remains, without jurisdiction to consider the motion." (ECF No. 19, at 3). Doxie timely appealed this order, and the Fourth Circuit vacated the order, remanding the matter for further proceedings. Doxie v. Dillman, No. 15-7304 (4th Cir. Dec. 14, 2015) (ECF No. 23).

1

In vacating the order, the Fourth Circuit held that Doxie's "Motion to Reopen" was properly construed as a "mixed Rule 60(b)/§ 2254 petition," and as such the court should have "afford[ed] Doxie the opportunity to elect between deleting his successive § 2254 claim or having his entire motion treated as a successive § 2254 petition." Id. at 2-3 (citing United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015)).

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, advertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the context of habeas proceedings, a Rule 60(b) motion that "attacks 'the substance of the federal court's resolution of a claims on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition." McRae, 793 F.3d at 397 (citing Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). If a Rule 60(b) motion "challenges 'some defect in the integrity of the federal habeas proceedings,' however, [it] is a true Rule 60(b) motion" and may be filed "without preauthorization from a court of appeals under § 2244(b)(3)(A)." Id.

2

After the Fourth Circuit's December 14, 2015 decision, Doxie filed a motion on January 6, 2016, which he also styled a "Rule 60(B) Motion." (ECF No. 26). In his January motion, he states that "Petitioner's 'sole ground' for relief is that is [sic] present conviction is in violation of the Fifth (5th) Amendment of the United States Constitution's Bar against Double Jeopardy made applicable to all States by virtue of the Fourteenth (14th) Amendment of the United States Constitution." Id. at 2. He also argues that his trial counsel was ineffective because he "failed to file a pre-trial motion to preclude retrial after the first mistrial," and that his appellate counsel was ineffective on direct appeal. Id. at 3. His January motion does not include any claims related to the integrity of his federal habeas proceedings, nor does it articulate any specific ground for relief under Rule 60(b). See generally id.

Although the contents of Doxie's recent filings suggest that he intended to pursue further habeas relief rather than assert error in the court's original dismissal, in light of the Fourth Circuit's remand, the court entered an Order directing Doxie to articulate any grounds for Rule 60(b) relief and advise the court whether he was willing to dismiss the substantive challenges to his underlying conviction. Doxie responded to the court's Order, filing a 30-page typewritten brief and several exhibits. (ECF No. 29). After reviewing the submission, it is clear to the undersigned Magistrate Judge that Doxie is not challenging any defect in this court's decision resolving his fourth federal habeas filing. Instead, nearly the entire brief is devoted to renewed arguments regarding alleged defects in his 1984 state convictions for rape and sodomy in the Circuit Court for the City of Norfolk. His latest filing begins by reciting a summary of the available grounds for 60(b) relief, but in attempting to articulate how any of those grounds apply to his case, Doxie relies exclusively on alleged errors underlying his state conviction. His detailed pleading asserts familiar habeas challenges to the sufficiency of the evidence against

him, the effectiveness of his trial counsel, and alleged defects in his identification by victims. Id. at 12-26. In concluding, however, Doxie writes that he "is willing to 'dismiss' the substantive challenges to his underlying conviction." Id. at 27. He then urges the court to "delete" all previous grounds associated with his earlier filings but asks the court to consider only one ground for relief:

> This ground being that petitioner's present conviction is in direct violation of the Fifth (5th) Amendment of our United States Constitution (sic) prohibition against double jeopardy made applicable to all the states by virtue of the Fourteenth (14th) Amendment of our United States Constitution.

The basis of this double jeopardy argument, as set forth in Doxie's original "Motion to Reopen," is that his original conviction followed two previous mistrials which he believes violates the double jeopardy clause. Doxie continues, arguing that the court should have examined this habeas ground *sua sponte* because "the essence of the Constitutional Ground that petitioner's present incarceration and sentence 'being illegal is in clear violation' of the Fifth (5th) Amendment's prohibition and bar against double jeopardy." Id. at 28. Thus, the "sole" ground asserted in Doxie's various motions is not a basis for Rule 60(b) relief, but a successive application for habeas relief. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application."). Such a challenge to Doxie's underlying convictions must be brought – if at all – after receiving permission from the Fourth Circuit to file a successive petition. 28 U.S.C. § 2244(b)(3)(A). Having sought habeas relief in this court three previous times and receiving no permission to file a fourth successive petition, this court is without jurisdiction to entertain his claims for relief. Moreover, despite multiple opportunities to do so, Doxie apparently does not desire to assert grounds for 60(b) relief related to this court's resolution of his original 2013 petition. Accordingly, the undersigned recommends that the court deny his

"Motion to Reopen" as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Doxie's "Motion to Reopen" be DENIED as an unauthorized successive petition for habeas relief, and the claims DISMISSED without prejudice.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report to the petitioner.

/s/ Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 28, 2016

5

## Clerk's Mailing Certificate

A copy of the foregoing Order was mailed this date to:

**Aaron Doxie, III, a/k/a Aharon Azaryah Nearyah Hakahan**
1176082
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

Fernando Galindo, Clerk

By_____
Deputy Clerk

April 28, 2016