UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUN 29 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

AARON DOXIE, III, #1176082

    Petitioner,

v.                                      CIVIL ACTION NO. 2:13cv505

WARDEN JEFFREY N. DILLMAN,
and
HAROLD CLARKE, Director,
Virginia Department of Corrections,

    Defendants.

## FINAL ORDER

    This petition for habeas relief is before the Court following remand by the United States Court of Appeals for the Fourth Circuit. Petitioner Aaron Doxie, III ("Petitioner") filed his fourth petition for federal habeas relief on September 13, 2013. The Court dismissed the petition as successive, and Mr. Doxie's attempt to appeal to the Fourth Circuit was dismissed on the basis of his failure to file a timely notice. *Doxie v. Dillman*, No. 14-6263 (4th Cir. June 3, 2014). ECF No. 11.

    On February 24, 2015, Mr. Doxie filed another motion in this Court, styled "Motion to Reopen," using the style and case number of his previously dismissed petition. The motion sought to reopen his September 2013 habeas petition. ECF No. 16. The Court denied Mr. Doxie's motion, stating that "[b]ecause Petitioner failed to obtain an order from the Fourth Circuit authorizing this Court to consider the September 2013 Petition pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court was, and remains, without jurisdiction to consider the motion." ECF No. 19, at 3. Mr. Doxie timely appealed this Order.

The Fourth Circuit vacated the Order and remanded the case for further proceedings. *Doxie v. Dillman*, No. 15-7304 (4th Cir. Dec. 14, 2015). ECF No. 23. The Remand Order concluded that Mr. Doxie's "Motion to Reopen" was properly construed as a "mixed Rule 60(b)/§ 2254 petition" and, as such, the Court should have afforded Mr. Doxie the opportunity to elect between deleting his successive § 2254 claim, or having his entire motion treated as a successive § 2254 petition. *United States v. McCrae*, 793 F.3d 392, 400 (4th Cir. 2015).

On April 4, 2016, the Court entered an Order directing Mr. Doxie to articulate any grounds he has to pursue his claims under Rule 60(b), and to advise the Court whether he is willing to dismiss the substantive challenges to his underlying conviction. ECF No. 27. Mr. Doxie's response to the court's Order was filed on April 25, 2016. ECF No. 29. The matter was referred to a United States Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

The Report and Recommendation filed April 28, 2016 recommends denying Mr. Doxie's Motion to Reopen as an unauthorized successive petition for habeas relief and dismissing the claims without prejudice. ECF No. 31. Specifically, the Magistrate Judge found that Mr. Doxie's response – though labeled as asserting 60(b) grounds for relief – instead asserted only errors in his underlying 1984 state convictions for rape and sodomy in the Norfolk Circuit Court. His pleading asserts familiar habeas challenges to the sufficiency of the evidence against him, the ineffectiveness of his trial counsel and alleged defects in his identification by victims. ECF No. 29 at 2-27. Mr. Doxie also repeated language from earlier filings contending that he will "delete" previous grounds and assert only one ground – that his conviction violates the Double Jeopardy Clause to the United States

Constitution. *Id.* at 28. The Magistrate Judge concluded that these arguments raised no defect or error in the Court's prior dismissal, but were instead direct challenges to his conviction. These are cognizable only after obtaining permission from the Fourth Circuit to file a successive petition. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Mr. Doxie was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. In response, Mr. Doxie filed a Motion to Stay, a Response to Report and Recommendation and Motion to Stay, and additional objections to the Report and Recommendation. ECF Nos. 36–38.[1]

As with his earlier filings, Mr. Doxie's objections nominally assert claims under Rule 60(b), but substantively attack his underlying conviction. He has articulated no ground for Rule 60(b) relief, and no specific error in the Court's previous dismissal.

To the extent that Mr. Doxie's pleadings attempt to assert error in the dismissal of his previous habeas filings, the Court concludes that he has not stated any claim which would entitle him to relief under Rule 60(b).

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, adopts and approves the findings and recommendations set forth in the Report and Recommendation filed April 28, 2016. It is ORDERED that Petitioner's Motion to Reopen (ECF No. 16), Rule 60(b) Motion (ECF No. 26), Motion to Stay (ECF No. 36), and Motion to Stay (ECF No.37) is DENIED, and that Mr. Doxie's petition is DISMISSED without prejudice.

---

[1] Two of Mr. Doxie's filings request that the Court stay this action pending his recently-filed request for permission to file a successive habeas petition. ECF Nos. 36, 37. He has asserted no grounds to stay action on this post-judgment motion. Moreover, the Fourth Circuit denied Mr. Doxie's motion on June 6, 2016. *In re Aaron Doxie, III*, No. 16-975, (unpublished order) (4th Cir. June 6, 2016).

Petitioner is notified that he may appeal from the Judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such Judgment.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

The Clerk is directed to mail a copy of this Final Order to Petitioner and to the Respondent and counsel of record for Respondent.

IT IS SO ORDERED.

/s/
_____
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
6-29, 2016